83 F.3d 430
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oscar Vincente VELASQUEZ-QUEZADA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70712.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oscar Vicente Velasquez-Quezada, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge denying his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h). We review for substantial evidence. Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir1995). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Velasquez contends that the BIA erred by finding that he neither suffered past persecution nor had a well-founded fear of persecution based on his political opinion and his father's affiliation with the former administration of Anastasio Somoza. This contention lacks merit.
 
 
 4
 To be eligible for a grant of asylum, an applicant must demonstrate that he or she suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). Under the substantial evidence standard, we must uphold the Board's denial of asylum unless an alien demonstrates that the evidence he presented was so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). To establish a well-founded fear of future persecution, applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The objective component requires "a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. Id. (citation omitted). Applicants have the burden of demonstrating that the government's potential act of persecution stemmed from its desire to single them out because of their actual or perceived-to-be-held political beliefs. Elias-Zacarias, 502 U.S. at 482.
 
 
 5
 Velasquez testified that, due to his refusal to reenlist in the military, his food card was terminated and he was denied a letter necessary for employment. Consequently, he had to buy food on the black market and work with his father as a private mechanic. Furthermore, Velasquez testified that an army officer accidentally shot him in the foot. In addition, he testified that the Sandinistas imprisoned his father for being a supporter of Somoza and for failing to participate in Sandinista Defense Committee activities. However, Velasquez testified that his father was released in 1988 and experienced no further problems.
 
 
 6
 Substantial evidence supports the BIA's determination that Velasquez failed to meet his burden of proving either past persecution or a well-founded fear of future persecution. Velasquez did not demonstrate that the shooting, which he admitted was accidental, was on account of an actual or imputed political opinion. See Elias-Zacarias, 502 U.S. at 482. In addition, the termination of his food card and the denial of a letter necessary for employment, where he was still able to obtain employment, are not sufficient to establish persecution. See Saballo-Cortez v. INS, 761 F.2d 1259, 1265 (9th Cir.1985) (holding that continued ability to obtain employment undercut claim of persecution and that denial of food card is insufficient to establish persecution). Furthermore, Velasquez was able to obtain a passport and valid exit visa and depart from Nicaragua legally. See Id. (holding that petitioner's ability to obtain visa and leave country without difficulty undercut claim of persecution). Therefore, we cannot say that a reasonable factfinder would be compelled to conclude that Velasquez was subjected to persecution. Elias-Zacarias, 502 U.S. at 481.
 
 
 7
 Velasquez also failed to demonstrate a well-founded fear of persecution. Velasquez's contention that the imprisonment of his father, combined with the termination of his food card and the denial of his work authorization letter, demonstrated a well-founded fear of persecution is without merit. Velasquez testified that his father has lived in Nicaragua without further problems. See Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990) (applicant's asylum claim undercut by family's continued safety). Furthermore, the changed conditions in Nicaragua belies Velasquez's well-founded fear of persecution claim.[1] See Kazlauskas, 46 F.3d at 906 n. 3. Velasquez's contention that the Sandinistas still control the army and police was insufficient to demonstrate that he would be subject to a "particularized threat of persecution" apart from the general population. See Kotasz v. INS, 31 F.3d 847, 851-52 (9th Cir.1994).
 
 
 8
 Accordingly, we affirm the BIA's denial of asylum. Because the standard for withholding of deportation is higher than the standard for a grant of asylum, we similarly affirm the BIA's denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In 1990 a new coalition government composed of parties opposed to the Sandinistas succeeded the Sandinista party